UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00191-MR

| | |
|---|---|
| HARRY SHAROD JAMES ) <br> a/k/a Harry Sharod James-El, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CRAGGY CORRECTIONAL ) <br> CENTER MAIL ROOM, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion/Declaration in Opposition," [Doc. 7], and Plaintiff's "Motion of Opposition," [Doc. 15], which the Court construes as motions to reconsider.

Pro se Plaintiff Harry Sharod James ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Craggy Correctional Center in Asheville, North Carolina. [Doc. 1]. On July 26, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Craggy Correctional Center Mail Room, Erik A. Hooks, and the North Carolina Department of Public Safety (NCDPS). Plaintiff failed to pay the filing fee or an application to proceed without prepayment of fees, but he did file a "Declaration for Requesting Waiver of Filing Fee" ("Declaration"). [Doc. 2]. In the

Declaration, Plaintiff states that he does "not have lawful coin of the United States required by law" and that the "filing fee must be waived." [Id.]. The Clerk sent Plaintiff a Notice of Deficiency, directing him to either pay the filing fee or the required application to proceed without prepayment of fees. [Doc. 4]. In response, Plaintiff filed an Application to Proceed in Forma Pauperis ("IFP Application") [Doc. 8] and a "Motion/Declaration in Opposition," [Doc. 7], in which Plaintiff argues that "the filing fee must be waived and this Human/Civil Rights Lawsuit must be allowed to continue free of charged." [Id. at 3 (errors uncorrected)]. Plaintiff contends that, pursuant to 28 U.S.C. § 3002(15)(A), "the filing fee is an unlawful 'Judicial Tax.'" [Id.]. He further contends that "[a]ll Sovereign, private civilian inhabitants [of the United States] shall have free access to all Judicial Courts of the Several States." [Id. at 1].

After receiving Plaintiff's IFP Application, the Clerk ordered Plaintiff's correctional facility to provide a certified copy of Plaintiff's most recent trust fund account statement. [Doc. 9]. The NCDPS filed Plaintiff's most recent statement, which showed a balance of $1,335.77 as of August 16, 2021 and that Plaintiff received $3,355.15 in income over the past six months. [Doc. 13 at 5]. On August 31, 2021, the Clerk, therefore, ordered that Plaintiff pay the full filing fee of $350.00 within 30 days. [Doc.14]. Rather than pay the

fee, Plaintiff filed the other pending motion before the Court. [Doc. 15]. In this motion, Plaintiff asks the Court "to not charge the complete filing fee of [his] stimulus, only a percent." [Doc. 15 at 2]. As grounds, Plaintiff states that he owes filing fees for other civil cases that are not paid off yet. He also states that he his challenging the filing fee on a civil complaint and asked the Court in that action "to hold on charging the complete fee until [his] complaint is finish[ed]." [Id. at 1].

Plaintiff's motions will be denied. The Clerk correctly ordered Plaintiff to pay the full filing fee in this matter before proceeding. That Plaintiff has outstanding filing fee debt in other cases (for which he is only being charged a small percentage each month) and is challenging the filing fee in yet another civil case are not grounds to reconsider the Clerk's Order here. The Clerk's Order directing Plaintiff to pay the full filing fee by September 30, 2021 remains in effect. Plaintiff's failure to timely pay the filing fee will result in dismissal of this action without further notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's motions [Doc. 7, 15] are **DENIED**.

**IT IS SO ORDERED.**

Signed: September 13, 2021

Martin Reidinger
Chief United States District Judge